Estate of Herman Rolle, Deceased, Lillian C. Rolle, Custodian of Assets v. Commissioner.
Estate of Rolle v. Commissioner
Docket No. 1890-63.
United States Tax Court
T.C. Memo 1964-280; 1964 Tax Ct. Memo LEXIS 60; 23 T.C.M. (CCH) 1710; T.C.M. (RIA) 64280; October 23, 1964
*60 Held, that at the time of his death the decedent had no power to alter, amend, revoke, or terminate an annuity payable to his wife for life after decedent's death; held, further, that the commuted value of the wife's annuity at the time of decedent's death is not includable in his estate under the provisions of section 2038(a)(1), I.R.C. 1954. R. Winfield Baile, 306 S. 69th St., Upper Darby, Pa., for the petitioner. Francis J. Cantrel, for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined a deficiency in the estate tax of the estate of Herman Rolle, deceased, in the amount of $1,778.35. The *61 deficiency is due to three adjustments made to the taxable estate as disclosed by the estate tax return filed September 7, 1961, with the District Director of Internal Revenue at Philadelphia, Pa. These adjustments were as follows: (a) Annuities
$21,035.62
(b) Jointly owned Property
733.57
(c) Debts of Decedent
238.50
Adjustments (b) and (c) have been conceded by petitioner and effect to that concession will be given under Rule 50. Adjustment (a) is explained in the deficiency notice as follows: (a) The commuted value of the trust is includible as an asset of decedent's estate on the ground that it was a transfer with the power reserved to alter, amend or revoke the trust within the purview of section 2038(a)(1) of the 1954 Code. Petitioner assigned the following error, among others, to adjustment (a): (b) The Commissioner errored in treating the annuity contract as a transfer with the power reserved to alter, amend or revoke within the purview of Section 2038(a)(1) of the 1954 Code. The transaction involved was not a revocable transfer as defined under Section 2038(a) of the Internal Revenue Code. The decedent retained no reversionary *62 interest in the property immediately before his death because the 240 guaranteed installments had been paid by the company and received by the decedent by September 1, 1957. Consequently there was no value which this decedent could have commuted for himself or his estate. At the time of decedent's death the value of the annuity did not include the value of any property transferred by decedent. All the facts were stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. So much of the facts as have been stipulated will be stated herein as seem necessary to an understanding of the issue to be decided. Herman Rolle, decedent, died on June 12, 1960, a resident of Norwood, Pa. Petitioner Lillian C. Rolle, hereinafter referred to as Lillian, is the widow of decedent and resides in Norwood, Pa.
In the early part of September 1927, decedent purchased a 10-year endowment life insurance policy, hereinafter referred to the contract, from the Travelers Insurance Company of Hartford, Conn., hereinafter referred to as the Company, in the face amount of $32,000. At the same time decedent entered into a supplemental agreement, *63 hereinafter referred to as the trust agreement, with the Company which provided for the distribution of the proceeds becoming payable under the contract, either by decedent's death or the maturity of the contract, in installments for a period of 240 months. This agreement also provided that in consideration for the payment of an additional annual premium of $67.40 decedent purchased a continuous installment provision to guarantee himself a life income of $200 a month provided he should survive the 240 guaranteed monthly payments. The agreement further provided that for an additional annual premium of $1,539.40 decedent purchased a provision which provided that the monthly income would be continued throughout the lifetime of the beneficiary, Lillian, provided she should survive decedent and the 240 guaranteed monthly installments. The total annual premiums paid by decedent for this coverage were $7,423.36, payable annually for a term of 5 years. The trust agreement of September 1927 was supplanted by a trust agreement dated February 25, 1931. The latter was identical in its terms with the trust agreement of September 3, 1927, except that the payments were to be made to The Provident *64 Trust Company, Trustee, for distribution in accordance with the trust agreement executed on February 25, 1931. If the trust agreement should not be in force, then the payments would be made directly to decedent or to Lillian as originally contemplated in the trust agreement of September 1927. The trust agreement of February 25, 1931, among other things, also contained the following provisions: The Insured reserves the right, without the consent of any Beneficiary or Beneficiaries named herein, to change, alter or revoke this agreement or to borrow on the contract without revoking this agreement, anything in the contract to the contrary notwithstanding. * * *
If the Insured shall change the Beneficiaries hereinbefore named, or if the Insured shall revoke this agreement by written notice to the Company, then the proceeds of such contract shall be payable as therein provided. The trust agreement of February 25, 1931, was in fact revoked by decedent in 1941. Decedent received all of the 240 guaranteed monthly installments ( $200 per month) as provided from September 1, 1937, to September 1, 1957, and thereafter he received monthly installments from September 1, 1957, to June 1, 1960, just *65 a short time before his death. Lillian has received the monthly installments from decedent's death up to and including the present time. The portion of the annual premiums charged for the installment payments to be made to Lillian under the survival annuity features of the trust agreement was computed on the life expectancy of Lillian who was born on April 2, 1895. The value of Lillian's interest in the proceeds under the trust agreement of February 25, 1931, at the time of decedent's death was $21,035.62. This value represents the amount of a single premium that the Company would charge for the purchase of the installment benefits payable to Lillian, said premium charged being based on her age at the date of death of decedent. The arrangement entered into with the Company consisted of life insurance under the contract and an annuity under the trust agreement. In the estate tax return an election was made to have the estate valued as of the date of the decedent's death. Although the existence of the insurance trust was reported in Schedule I of that return, no value was included in the gross estate on account of said trust. The Commissioner in his determination of the deficiency *66 has relied on section 2038(a)(1) of the 1954 Code and that section reads as follows: (1) Transfers after June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death. The original contract between decedent and The Travelers Insurance Company was clearly a combination of endowment insurance and an annuity. In fact it has been stipulated by the parties - 13. The contract was a combination insurance and annuity contract. The annuity payments under the terms of the Trust Agreement of February 25, 1931 commenced on September 1, 1937. In support of his position that section 2038(a)(1) is applicable, *67 respondent relies upon that provision of the trust agreement of February 25, 1931, which reads: The Insured reserves the right, without the consent of any Beneficiary on Beneficiaries named herein, to change, alter or revoke this agreement or to borrow on the contract without revoking this agreement, anything in the contract to the contrary notwithstanding. Perhaps if decedent had died when this trust agreement of February 25, 1931, was in full force and effect the Commissioner would be correct in determining that the $21,035.62 was a part of decedent's estate and taxable under section 2038(a)(1). But it was not in full force and effect at the time of decedent's death June 12, 1960. It has been stipulated by the parties that - 11. In 1941, decedent revoked the aforesaid Deed of Trust [trust agreement of February 25, 1931] and the designation of the Provident Trust Company as Trustee. This instrument of revocation by decedent in 1941 of the trust agreement of February 25, 1931, is not in the record. All we know about it is what the parties have stipulated and that is that the trust agreement of February 25, 1931, was revoked in 1941. So far as we can see there is nothing in *68 the record which shows that thereafter decedent had any power to alter, amend, or revoke the annuity which the Company had agreed to pay to Lillian. The amount of $1,539.40 had been paid annually by decedent for a period of 5 years for the purchase of that annuity for Lillian. Respondent has asked us to find as an ultimate fact as follows: That $21,035.62, the value of the proceeds of the insurance trust agreement dated February 25, 1931, was an asset of the decedent's estate at the time of his death on June 12, 1960 and includible therein as a transfer with a power reserved to alter, amend or revoke within the purview of Section 2038(a) of the Internal Revenue Code of 1954. This finding we do not think we can make in view of the record we have before us. It seems to us that at decedent's death the promise to pay to Lillian the sum of $200 each month so long as she should live was absolute and neither decedent nor the Company had any power to alter, amend, or revoke the payment of the annuity. We sustain petitioner on this issue. Because of certain other adjustments made by the Commissioner to the gross estate as reported on the estate tax return. *69 Decision will be entered under Rule 50.